```
                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ROBERT THOMAS FLICK, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil Action<br>No. 05-1441 (JBS) |
| v. | |
| SANDRA MOLLICA, | **OPINION** |
| Defendant. | |

APPEARANCES:

Donna A. Casasanto, Esq.
ALFRED V. ALTOPIEDI, P.C.
Old Marple Square
900 Old Marple Road
Springfield, PA 19064
    Attorney for Plaintiff

John N. Kaelin, III, Esq.
LAW OFFICES OF EDWARD HOAGLAND, JR.
1000 Midlantic Drive
Suite 100
Mt. Laurel, NJ 08054
    and
Scott C. McKinley, Esq.
HOFFMAN DIMUZIO
1739-1753 Delsea Drive
P.O. Box 285
Franklinville, NJ 08322
    and
William E. Haddix, Jr., Esq.
LAW OFFICES OF THOMAS DEMPSTER, III
Centerpointe at East Gate
161 Gaither Drive
Suite 201
Mt. Laurel, NJ 08054-1740
    Attorneys for Defendant

**Simandle, District Judge**:

**I.   INTRODUCTION**

    This matter comes before the Court on Defendant Sandra

Mollica's motion for summary judgment, which seeks to exclude Plaintiff's claims for noneconomic damages.  For the reasons explained below, the Court shall grant the motion and bar Plaintiff from seeking noneconomic damages.

## II.   BACKGROUND[1]

This litigation arises from a motor vehicle accident between Plaintiff and Defendant that occurred on June 13, 2003 in Atlantic County, New Jersey.  Plaintiff, Robert Flick, alleges personal injury as a result of that accident.[2]  He filed this action on March 15, 2005 seeking $150,000 in damages for economic and noneconomic loss, plus punitive damages.

Defendant filed this motion for summary judgment, pursuant to Fed. R. Civ. P. 56., alleging that Plaintiff is precluded from seeking noneconomic damages because his injuries do not meet the requirements of N.J. Stat. Ann. § 39:6A-8(a), the so-called "verbal threshold".[3]  Specifically, Defendant argues that there is no clinical evidence that Plaintiff's injuries are "permanent"

---

[1]  The facts set forth here are undisputed.

[2]  This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff is a Pennsylvania resident, Defendant is a New Jersey resident, and the Court cannot find to a legal certainty that the amount in controversy has not been met.

[3]  This statute applies to non-resident drivers whose accidents occurred in New Jersey if their insurance companies transact or are authorized to transact motor vehicle insurance business in the state.  N.J. Stat. Ann. § 17:28-1.4.  Plaintiff does not contest Defendant's argument that the verbal threshold applies to him.

within a reasonable degree of medical probability.  Further, Defendant argues, Dr. Ficchi's statement that Plaintiff's injuries "may prevent him from functioning in his routine activities" does not suffice.  (Def. Br. at 3.)  Plaintiff opposes, claiming that the certification of Dr. Ficchi and other record medical evidence create a genuine issue of material fact as to whether he suffers permanent injuries within the meaning of the verbal threshold.

### III. SUMMARY JUDGMENT STANDARD

A court may grant summary judgment when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ.P. 56(c); Lang v. New York Life Ins. Co., 721 F.2d 118, 119 (3d Cir. 1983).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  Id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  Id.  Moreover, a non-moving party must do more than rely only "upon bare assertions, conclusory allegations or suspicions." Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985), cert. denied, 474 U.S. 1010 (1985) (citation omitted); see Liberty Lobby, 477 U.S. at 249-50.

**IV.  DISCUSSION**

The "deemer" statute, N.J. Stat. Ann. § 17:28-1.4, requires out of state plaintiffs whose insurance companies are "authorized to transact automobile or motor vehicle insurance business in this State," to meet the requirements of N.J. Stat. Ann. § 39:6A-8(a) or be barred from seeking noneconomic damages. N.J. Stat. Ann. § 39:6A-8(a) provides, in relevant part:

> Every owner, registrant, operator or occupant of an automobile to which [N.J. Stat. Ann. § 39:6A-4], personal injury protection coverage, [N.J. Stat. Ann. 39:6A-3.1], medical expense benefits coverage, or [N.J. Stat. Ann. § 39:6A-3.3] regardless of fault, applies, and every person or organization legally responsible for his acts or omissions, **is hereby exempted from tort liability for noneconomic loss to a person who is subject to this subsection** and who is either a person who is required to maintain personal injury protection coverage pursuant to [N.J. Stat. Ann. § 39:6A-4], medical expense benefits pursuant to [N.J. Stat. Ann. § 39:6A-3.1] or benefits pursuant to [N.J. Stat. Ann. § 39:6A-3.3], or is a person who has a right to receive benefits under [N.J. Stat. Ann. § 39:6A-4], [N.J. Stat. Ann. § 39:6A-3.1] or [N.J. Stat. Ann. § 39:6A-3.3], as a result of bodily injury, arising out of the ownership, operation, maintenance or use of such automobile in this State, **unless that person has sustained a bodily injury which results in** death; dismemberment; significant disfigurement or significant scarring; displaced fractures; loss of a fetus; **or a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement. An injury shall be considered permanent when the body part or organ, or both, has not healed to function normally and will not heal to function**

4

> **normally with further medical treatment** ... .
>
> In order to satisfy the tort option provisions of this subsection, **the plaintiff shall, within 60 days following the date of the answer to the complaint by the defendant, provide the defendant with a certification from the licensed treating physician or a board-certified licensed physician to whom the plaintiff was referred by the treating physician. The certification shall state, under penalty of perjury, that the plaintiff has sustained an injury described above. The certification shall be based on and refer to objective clinical evidence, which may include medical testing**, except that any such testing shall be performed in accordance with medical protocols pursuant to [N.J. Stat. Ann. § 39:6A-4] and the use of valid diagnostic tests administered in accordance with section [N.J. Stat. Ann. § 39:6A-4.7]. Such testing may not be experimental in nature or dependent entirely upon subjective patient response.

N.J. Stat. Ann. § 39:6A-8(a) (emphases added).

In this case, the parties debate whether the record evidence sheds any light on the "verbal threshold" requirement that the injury be "permanent" such that there is a question whether a body part will heal to function normally. However, the Court need not scour the record to determine whether the objective medical evidence supports this definition of permanency. Rather, the second paragraph quoted above is determinative.

That portion of the statute requires a certification from a doctor that Plaintiff has suffered a "permanent" injury; within the meaning of the statute, the doctor must certify the injury is

one that involves a body part or organ that will not, to a reasonable degree of medical probability, heal to function normally.  Dr. Ficchi's sworn statement does not make this certification.  Cf.  Serrano v. Serrano, 183 N.J. 508, 512-13 (2005).  Rather, Dr. Ficchi predicts that Plaintiff's "degree of impairment is not likely to resolve within the next year despite further treatment."  And although the Doctor certified that Plaintiff "suffered permanent musco [sic] skeletal injuries," he only predicted that these injuries "*may* prevent him from functioning" normally.  (Pl.'s Ex. F. at 3)(emphasis added). Although the Court will not insist on a formalistic incantation of the exact statutory language, Dr. Ficchi's qualified statements appear intentionally different than the statute: There is no statement that a permanent failure to function normally is probable.  While Dr. Ficchi asserted that Plaintiff suffered permanent injury, there is no assertion that such injury impacts functioning -- only that it "may."  Further, Dr. Ficchi has not opined that it will not heal to function normally with further medical treatment.  The New Jersey legislature explicitly required more.[4]

---

[4]  As the New Jersey Supreme Court has explained, "the Legislature intended to eliminate lawsuits for frivolous injuries, and did so by requiring a plaintiff to prove by objective clinical evidence, supported by a physician certification, under penalty of perjury, an injury fitting into one of the six statutorily defined threshold categories." Serrano v. Serrano, 183 N.J. 508, 518 (2005).

**V.   CONCLUSION**

Because Plaintiff has failed to provide a certification from a physician stating that he has sustained a permanent injury that has not healed to function normally and will not heal to function normally with further medical treatment, the Court must grant the motion for partial summary judgment and preclude Plaintiff from seeking noneconomic damages in this action.  An appropriate Order shall be entered.

**January 31, 2007**                          **s/ Jerome B. Simandle**
Date                                          Jerome B. Simandle
                                              U.S. District Judge